IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

    v.

AMBER Y. MARTINDALE,

    Defendant/Petitioner.

No. 11-40012-01-JAR

**MEMORANDUM AND ORDER**

    This matter is before the Court on Petitioner Amber Martindale's Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 (Doc. 91). The Government has responded and requests the Court dismiss Petitioner's motion (Doc. 95); Petitioner has replied (Doc. 96). For the reasons stated below, Petitioner's motion is dismissed.

    Martindale entered guilty pleas to Counts One and Ten of the Indictment charging violations of 21 U.S.C. § 846 and 18 U.S.C. § 924(c), namely conspiracy to possess with the intent to distribute 50 grams or more of methamphetamine, and possession of a firearm in furtherance of a drug trafficking offense.[1] Martindale's criminal history category was II, resulting in a Guideline range of imprisonment of 63-78 months on Count One and 60 months on Count Ten.[2] Martindale was subject to the statutory mandatory minimum of 60 months on both counts.[3]

---

[1] Doc. 56.

[2] *Id.* ¶¶ 103–104; U.S.S.G. § 2K2.4.

[3] 21 U.S.C. § 841(b)(1)(B), 18 U.S.C. § 924(c)(1)(A)(i).

On February 6, 2012, this Court sentenced Martindale to a term of 63 months on Count One and a term of 60 months on Count Ten, with both terms to run consecutively for a controlling sentence of 123 months.[4] Martindale's sentence on Count One was subsequently reduced from 63 months to 60 months, with a resulting overall sentence of 120 months.[5]

Martindale submits that her sentence pursuant to § 924(c) is now invalid in the wake of the Supreme Court's decision in *Johnson v. United States*, where the Court held that the residual clause of the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e)(2)(B)(ii), was void for vagueness.[6] Martindale was neither an Armed Career Criminal pursuant to 18 U.S.C. § 924(e), nor was she considered a Career Offender pursuant to U.S.S.G. § 4B1.1.[7] Instead, Martindale's sentence was enhanced under § 924(c)(1)(A), which provides a mandatory sentence enhancement for the use of a firearm in relation to any "crime of violence" or "drug trafficking crime."

The Court recognizes that the residual clause definition of a "crime of violence" in § 924(c)(3)(B) is similar to the residual clause definition of a "violent felony" in the ACCA.[8] Martindale's sentence enhancement, however, was based on a "drug trafficking crime," not a "crime of violence," and the definition of crime of violence in § 924(c)(3)(B) was not implicated when Martindale was sentenced. The holding in *Johnson* did not affect the unambiguous

---

[4]Doc. 81.

[5]Doc. 88; 18 U.S.C. § 3582(c)(2).

[6]135 S. Ct. 2551, 2563 (2015).

[7]Doc. 76.

[8]The Supreme Court recently struck down the language of 18 U.S.C. § 16(b), a clause with language identical to the language in § 924(c)(3)(B), as unconstitutionally vague under the rule announced in *Johnson*. *See Sessions v. Dimaya*, ---S. Ct.---, 2018 WL 1800371, at *16 (Apr. 17, 2018).

2

definition of a "drug trafficking crime" in § 924(c)(2),[9] and consequently, Martindale's § 2255 motion must be dismissed.[10]

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to "issue or deny a certificate of appealability when it enters a final order adverse" to the petitioner. A court may grant a certificate of appealability ("COA") only "if the applicant has made a substantial showing of the denial of a constitutional right."[11] "When the district court denies a habeas petition on procedural grounds without reaching the [petitioner's] underlying constitutional claim, a COA should issue when the [petitioner] shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."[12] For the reasons stated above, the Court finds that Martindale has not satisfied this standard and, therefore, denies a certificate of appealability as to its ruling dismissing her § 2255 motion.

**IT IS THEREFORE ORDERED BY THE COURT** that Petitioner Amber Martindale's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255 (Doc. 91) is hereby DISMISSED; Petitioner is also denied a COA.

---

[9] *See* 18 U.S.C. § 924(c)(2) defining a "drug trafficking crime" as "any felony punishable under the Controlled Substances Act (21 U.S.C. 801 et seq.), the Controlled Substances Import and Export Act (21 U.S.C. 951 et seq.), or chapter 705 of title 46").

[10] *United States v. Pitt,* 672 F. App'x 885, 886 (10th Cir. 2017) (unpublished) (citing *United States v. Teague*, 668 F. App'x 340, 340–41 (10th Cir. 2016) (unpublished) (denying a certificate of appealability because *Johnson* did not affect the sentence enhancement under 18 U.S.C. § 924(c) for possessing a weapon during and in relation to a "drug trafficking crime")).

[11] 28 U.S.C. § 2253(c)(2).

[12] *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

**IT IS SO ORDERED.**

Dated: <u>April 26, 2018</u>

                                              <u>S/ Julie A. Robinson</u>
                                              JULIE A. ROBINSON
                                              UNITED STATES DISTRICT JUDGE